**Ex parte Moses I. ALAKAYI, Appellant.**

**No. 14–02–00381–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 10, 2003.

---

W.B. House, Jr., and Michael A. Maness, Houston, for Appellant.

Julie Klibert, Houston, for the State.

Panel consists of Justices YATES, ANDERSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

We withdraw the opinion issued in this case on February 13, 2003, and we issue the following opinion in its place.

Moses Alakayi appeals the denial of his application for writ of habeas corpus in which he asked the trial court to set aside two amended conditions of community supervision that prohibit him from having any contact with minors, including his two-year-old son. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to the offense of sexual assault. The trial court deferred adjudication of guilt and placed appellant on community supervision for ten years, beginning in March of 1996. The trial court modified the conditions of appellant's community supervision twice between March of 1996 and January of 2002. In January of 2002, the trial court modified these conditions a third time by signing an order entitled "Third Amended Conditions of Community Supervision" (hereafter "Amended Conditions").

Amended Condition 18 prohibits appellant from having any contact with any minor under the age of seventeen, beginning January 11, 2002, for any reason except as specifically permitted by the court. Appellant has court-ordered supervised visitation with his daughter under the divorce decree that ended appellant's first marriage. Amended Condition 18 expressly excepts appellant's daughter.[1] But appellant's two-year old-son from a subsequent marriage is not excepted. Amended Condition 18 prohibits appellant from living with or having any contact with his son, who was born during the ten-year community-supervision period. At the time the conditions were amended, appellant's son had lived with appellant since birth.

Amended Condition 19 creates what is known as a "child-safety zone," which pro-

---

1. In its entirety Amended Condition 18 states: "You are **to have no contact with any minor under the age of seventeen (17)** beginning 1– 11–02 for any reason except as specifically permitted by the Court. except [sic] daughter." (emphasis in original).

hibits appellant from going within 100 yards of "premises where children commonly gather" and from supervising or participating in any athletic, cultural, or civic program involving persons seventeen years old or younger. This condition precludes appellant from transporting his son to a daycare facility, as appellant had been doing on work days before these conditions were imposed.[2]

Appellant filed an application for writ of habeas corpus asking the trial court to set aside or stay Amended Conditions 18 and 19. The trial court signed an order that a writ of habeas corpus issue and that the effective date of Amended Conditions 18 and 19 be stayed pending a hearing on whether appellant's allegations entitled him to relief. At the habeas corpus hearing, appellant testified that, up to and including the time of the hearing, he lived alone with his son and was his son's only caretaker because his wife was completing her residency as a medical doctor in Odessa, Texas, and because there were no other relatives in Houston, where he and his son live. Appellant also testified as to his daily routine with his son, which included dropping his son off at a daycare facility before going to work and picking his son up from that facility after work. Appellant stated he had "completed all conditions of probation" other than Amended Conditions 18 and 19.[3] Appellant did not present any other evidence, and the trial court denied his request to set aside or stay Amended Conditions 18 and 19 for the

remainder of appellant's community supervision. In ruling, the trial court stated that one of the reasons it added Amended Conditions 18 and 19 was that appellant "has not been in total compliance with his probation." The trial court also stated that its decision was based on a review of appellant's probation file and "all the troubles [appellant]'s been in" during the probationary period. The trial court did not state its reasons in any further detail.

## II. Standard of Review

■ The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. *Parrish v. State*, 38 S.W.3d 831, 834 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). We review a trial court's ruling on a habeas corpus application for an abuse of discretion. *Id.* We decide whether a trial court abused its discretion by determining whether the court acted without reference to any guiding rules or principles, or in other words, whether the court acted arbitrarily or unreasonably. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim.App.1993). A trial court abuses its discretion when its decision lies outside of the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g).

## III. Issues Presented

Appellant challenges the trial court's denial of habeas corpus relief, asserting the following issues for review:

---

**2.** In its entirety Amended Condition 19 states: "You are **not to reside, go in, on or within 100 yards of a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility** and you are **not to supervise or participate in any program that includes participants or recipients persons [sic] who are seventeen (17) years of age or younger and that regularly provides athletic, civic or cul-**

**tural activities** beginning 11—01 [sic] for any reason except as specifically permitted by the Court." (emphasis in original).

**3.** The terms "community supervision" and "probation" share the same meaning and are generally used interchangeably. *Prevato v. State*, 77 S.W.3d 317, 317 n. 1 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

(1) Did the trial court abuse its discretion by imposing Amended Conditions 18 and 19 on the grounds these conditions are unreasonable and violate article 42.12, section 11(a) of the Texas Code of Criminal Procedure?

(2) Did the trial court lack authority to impose Amended Conditions 18 and 19 because the victim of the offense was allegedly not a child?

(3) Did the trial court violate section 153.193 of the Texas Family Code by upholding Amended Conditions 18 and 19 without analysis of the best interest of appellant's child?

(4) Are Amended Conditions 18 and 19 an unlawful infringement on appellant's familial rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution?

On appeal, appellant also has filed a motion asking this court to judicially notice that the female he sexually assaulted was twenty years old at the time of the offense.

## IV. ANALYSIS AND DISCUSSION

### A. Do Amended Conditions 18 and 19 violate article 42.12, section 11(a) of the Texas Code of Criminal Procedure as well as appellant's constitutional rights?

In his first issue, appellant asserts the trial court erred in imposing Amended Conditions 18 and 19 because they are unreasonable and violate article 42.12, section 11(a) of the Texas Code of Criminal Procedure. In his fourth issue, appellant asserts that Amended Conditions 18 and 19 violate appellant's rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution because they deprive him of his right to associate with his son and maintain his family.

 Article 42.12, section 11(a) of the Texas Code of Criminal Procedure gives the trial court wide discretion to modify conditions of community supervision.[4] *See Fielder v. State*, 811 S.W.2d 131, 134 (Tex. Crim.App.1991). However, permissible conditions should have a reasonable relationship to the treatment of the accused and the protection of the public. *See id.* On appeal, we therefore review appellant's first issue to determine if the trial court abused its discretion based on the following criteria:

(1) whether Amended Conditions 18 and 19 have no relationship to the offense of sexual assault;

(2) whether Amended Conditions 18 and 19 relate to conduct that is not in itself criminal; and

(3) whether Amended Conditions 18 and 19 forbid or require conduct that is not reasonably related to appellant's future criminality or do not serve the statutory ends of community supervision.

*See Ex parte Renfro*, 999 S.W.2d 557, 560 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd) (party attacking condition of community supervision generally must show condition has all three of these characteristics).

The record shows that, during the community-supervision period, Amended Conditions 18 and 19 prohibit appellant from

---

**4.** This section provides in part, "The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions. The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX.CODE CRIM. PROC. art. 42.12, § 11(a). The remainder of section 11(a) includes a non-exclusive list of potential conditions.

having any contact with his son and from living with his wife as long as she is living with their son. The right to "establish a home, and bring up children" has long been recognized as a fundamental liberty interest which the State may not abridge without due process of law. *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923). In *Roberts v. Jaycees,* the United States Supreme Court elaborated that the relationships attendant to the creation and sustenance of a family are entitled to the highest degree of constitutional protection because they have played a critical role in the culture and traditions of our nation and establish a critical buffer between the individual and the State. 468 U.S. 609, 617–20, 104 S.Ct. 3244, 3249–51, 82 L.Ed.2d 462 (1984); *see also Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (plurality op.) (stating that "it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children" and citing many cases in support of this proposition).

■■■ Whether Amended Conditions 18 and 19 unduly intrude on appellant's constitutionally protected freedoms also depends on whether these conditions are reasonably related to the purposes of community supervision. *See Macias v. State,* 649 S.W.2d 150, 152 (Tex.App.-El Paso 1983, no writ.). A community-supervision condition is not necessarily invalid because it interferes with the exercise of constitutionally protected rights. *See Lee v. State,* 952 S.W.2d 894, 900 (Tex.App.-Dallas 1997, no pet.); *Macias,* 649 S.W.2d at 152. A community-supervision condition that bears a reasonable relationship to the purposes of community supervision is not unduly intrusive on constitutional rights. *See Lee,* 952 S.W.2d at 900; *Macias,* 649

S.W.2d at 152. Texas courts have used three factors to determine whether community-supervision conditions reasonably relate to the purposes of community supervision so that they do not violate the probationer's constitutional rights: (1) the purposes sought to be served by community supervision, (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded probationers, and (3) the legitimate needs of law enforcement. *See Lee,* 952 S.W.2d at 900; *Macias,* 649 S.W.2d at 152.

■■■ At the habeas corpus hearing, appellant had the burden of proving facts entitling him to the requested relief. *See Ex parte Kimes,* 872 S.W.2d 700, 703 (Tex. Crim.App.1993); *see also Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim.App. 2002) (stating that when the constitutionality of a statute is attacked, courts presume the Legislature has not acted unreasonably or arbitrarily, and the burden of proving unconstitutionality is therefore on the party challenging the statute). Though Amended Conditions 18 and 19 place a heavy burden on appellant, we conclude that appellant did not support his complaints under his first and fourth issues with sufficient evidence.

At the habeas corpus hearing, the trial court afforded appellant an opportunity to present evidence in support of his challenges to Amended Conditions 18 and 19. The reporter's record for the hearing is less than seven pages long, exclusive of signature and preliminary pages. Appellant was the only witness. Appellant testified that, up to and including the time of the hearing, he lived alone with his son and was his son's only caretaker because his wife was completing her residency as a medical doctor in Odessa, Texas, and because there were no other relatives in Houston. Appellant also testified as to his daily routine with his son, which included

dropping his son off at a daycare facility before going to work and picking him up after work. Appellant stated he had "completed all conditions of probation" other than Amended Conditions 18 and 19. Appellant did not present any other evidence, and the trial court denied his request to set aside or stay Amended Conditions 18 and 19. After the trial court denied appellant's request for habeas corpus relief, the following exchange occurred:

*Mr. House [Appellant's Counsel]:* Judge, we'd ask that the court reconsider. He has no one to take care of the child. There's been no-his polygraphs have shown no—

*The Court:* I don't know if you want to get into that. If we're going to get into the fact that he has not done everything that he's supposed to have done on probation, if we're going to have a full hearing I will get the probation officer over here and we can go through his file and we can talk about all the troubles he's been in since he's been on probation for this offense.

*Mr. House:* Okay, I understand.

*The Court:* Well, that was one of the reasons why I added this as one of the conditions, he has not been in total compliance with his probation. It's my position he's lucky to still be on probation right now.

. . .

*Mr. House:* Judge, we would ask that you hold this amendment in abeyance.

*The Court:* I'm not going to hold the amendment in abeyance. I do what I do based on reading the file, going through the file, seeing the trouble he's been in, and now finding out that he's violating his probation every day, when he takes the child to the day-care center which he's not supposed to be doing. If there is a problem with people who don't understand the conditions, maybe the easi-

est place to put this defendant is back into custody so we don't have anymore [sic] violations; but no I'm not going to stay the amendment of the conditions. He is to have no contact with any minor under the age of 17.

At the habeas corpus hearing, appellant did not prove by a preponderance of the evidence that he was entitled to the relief he requested in his application for writ of habeas corpus. *See Parrish,* 38 S.W.3d at 834; *see also State v. Nkwocha,* 31 S.W.3d 817, 821 (Tex.App.-Dallas 2000, no pet.) (reversing trial court's grant of new trial to habeas petitioner because petitioner failed to meet his burden of showing entitlement to a new trial, when there was no evidence in the record of the habeas hearing that showed petitioner's inability to obtain documents at first trial was not due to his own lack of diligence). Appellant did not put on any evidence from his probation file. Appellant's statement that, other than Amended Conditions 18 and 19, he has "completed all conditions of probation" is conclusory as well as incorrect on its face, given that the conditions cannot have been successfully completed until March of 2006, at the end of the period of community supervision.

Appellant presented no evidence concerning his probation history or the violations that the trial court indicated were the impetus for imposing Amended Conditions 18 and 19. Appellant did not present any other evidence to show Amended Conditions 18 and 19 do not reasonably relate to appellant's future criminality or to the purposes of community supervision. Nor did appellant present any other evidence to show that these conditions do not serve the statutory ends of community supervision. To support his statutory and constitutional challenges, appellant should have introduced evidence from his probation officer or his probation file showing the degree to

which appellant has complied with his conditions of probation and whether anything has occurred that would justify the imposition of Amended Conditions 18 and 19. But appellant chose not to introduce evidence in this regard. Although Amended Conditions 18 and 19 are onerous, appellant did not introduce evidence sufficient to prove that these conditions were unreasonable under the circumstances of this case or that they violate his familial rights under the United States Constitution.

Because appellant has not shown that the trial court abused its discretion in determining that Amended Conditions 18 and 19 were reasonable and because appellant did not prove that these conditions violate his constitutional rights, we overrule appellant's first issue as well as his fourth issue, *except to the extent that his fourth issue presents procedural due process complaints.*

### B. Has appellant preserved error as to his procedural due process complaints?

In the argument under his fourth issue, appellant also asserts that the trial court violated his procedural due process rights because it did not conduct a hearing or give any reasons for its decision to impose Amended Conditions 18 and 19.[5]

Although appellant complains in part that the trial court did not give him a hearing or a statement of reasons, the record reflects that the trial court did give appellant a hearing on his complaints, that the trial court did not prevent appellant from introducing evidence at the hearing, and that appellant did not object to the termination of the hearing or request permission to introduce additional evidence. Further, although the trial court stated it had reasons for its decision and was acting based on information in appellant's probation file, appellant did not request a statement of reasons. Therefore, appellant did not preserve error as to the trial court's alleged failure to give appellant a hearing or a statement of reasons. *See Saldano v. State,* 70 S.W.3d 873, 886–87 (Tex.Crim. App.2002) (stating that even constitutional complaints may be waived by failure to timely assert them in the trial court); *Rogers v. State,* 640 S.W.2d 248, 264 (Tex. Crim.App.1981) (holding, in second opinion on rehearing, that procedural due process complaints are subject to waiver under ordinary preservation-of-error rules); *McDonald v. State,* 608 S.W.2d 192, 194 n. 9 (Tex.Crim.App.1980) (explaining that appellant must request findings before failure to make them constitutes reversible error).

Appellant also has waived any error to the extent that he complains the trial court violated his procedural due process rights by not giving him a hearing and statement of reasons *before* Amended Conditions 18 and 19 became effective. We find no indication in our record that appellant voiced this complaint in the trial court and therefore find that appellant did not preserve error in this regard. *See* TEX.R.APP. P. 33.1(a) (providing a complaint must generally be made by a timely request, objection, or motion to the trial court to preserve error for appellate review); *Saldano,* 70 S.W.3d at 886–87 (stating that even constitutional complaints may be waived by failure to timely assert them in the trial

---

**5.** As we read appellant's issues, his fourth issue only alleges that Amended Conditions 18 and 19 violated his substantive constitutional rights. It is not clear to us that the procedural due process arguments that appellant asserts on appeal are subsidiary questions fairly included in his fourth issue. *See* TEX.R.APP. P. 38.1(e). Although it appears appellant has not properly assigned error as to procedural due process, we do not reach this issue because the record shows that appellant failed to preserve error in any event.

court); *Ieppert v. State,* 908 S.W.2d 217, 219 (Tex.Crim.App.1995) (stating that even due process rights are usually forfeitable by inaction); *Rogers,* 640 S.W.2d at 264 (holding, in second opinion on rehearing, that procedural due process complaints are subject to waiver under ordinary preservation-of-error rules); *McCarroll v. Texas Dept. Of Public Safety,* 86 S.W.3d 376, 379 (Tex.App.-Fort Worth 2002, no pet.) (holding that party can waive procedural due process rights under ordinary preservation-of-error rules). Accordingly, we overrule appellant's fourth issue to the extent it presents procedural due process complaints.

### C. Did the trial court have authority to impose Amended Conditions 18 and 19?

 Appellant asserts in his second issue that the trial court lacked authority to impose Amended Conditions 18 and 19 because Texas Code of Criminal Procedure article 42.12, section 13B allegedly limits the trial court's authority to establish a child-safety zone to those cases in which a child was a victim of the offense. Appellant also argues that the Legislature has not authorized trial courts to impose conditions of community supervision that prevent a defendant from seeing his own child. Even assuming, for the sake of argument only, that appellant sexually assaulted an adult, appellant's arguments fail.

Section 13B of article 42.12 states, in relevant part, that "the judge *shall* establish a child safety zone" as a condition of community supervision when a defendant has committed an offense listed in section 13B(b) and the victim of that offense was a child. Tex.Code Crim. Proc. art. 42.12, § 13B (emphasis added). This language makes it mandatory for a trial court to impose a child-safety zone in the specified

class of cases, but it does not limit the trial court's ability to impose a child-safety zone in other cases. Section 13B cannot mean that a trial court has authority to impose a child-safety zone only if the victim was a child, because section 13D of article 42.12 permits a trial court to impose a child-safety zone for defendants placed on community supervision for violent offenses, regardless of the victim's age. *See id.* art. 42.12, § 13D; *see also Wilson v. State,* 117 Tex.Crim. 63, 36 S.W.2d 733, 734–35 (App. 1931) (explaining that statutes constituting a system should be construed so as to make the system consistent in all of its parts and uniform in its operation).

The Legislature enacted section 13D in 1999, and assuming, without deciding, that it is applicable to this case, it authorized the trial court to subject appellant to a child-safety zone because he received deferred-adjudication community supervision for sexual assault, which is an offense covered by section 13D. *See* Act of April 23, 1999, 76th Leg., R.S., ch. 56, § 1, 1999 Tex. Gen. Laws 118, 118–19. But even if section 13D does not apply to this case, the trial court still had authority to prevent appellant from seeing his own child as a condition of community supervision and to impose Amended Conditions 18 and 19 under section 11(a), regardless of the age of appellant's victim. *See* Tex.Code Crim. Proc. art. 42.12, § 11(a); *Fielder,* 811 S.W.2d at 134; *McArthur v. State,* 1 S.W.3d 323, 330–36 (Tex.App.-Fort Worth 1999, pet. ref'd) (illustrating trial court's authority to impose a variety of reasonable conditions of community supervision in addition to the child-safety zone).

Under section 11(a), the trial court has wide discretion to impose any reasonable condition that will serve the ends of community supervision enumerated in the statute. *See Fielder,* 811 S.W.2d at 134. Section 11(a) states that the list of conditions

of community supervision enumerated in the statute is nonexclusive and thereby authorizes a trial court to implement conditions of community supervision that are not listed in the statute. *Id.* The Code of Criminal Procedure provides two exceptions to the trial court's discretion to impose community-supervision conditions: (1) article 42.12, section 11(b) prohibits the imposition of certain payments as a condition of community supervision; and (2) article 42.12, section 11(f) prohibits the trial court from requiring a defendant to undergo an orchiectomy as a condition of community supervision. *See* TEX.CODE CRIM. PROC., art. 42.12, §§ 11(b), (f); *Speth v. State,* 6 S.W.3d 530, 533 n. 8 (Tex.Crim. App.1999). The Legislature has not prohibited the imposition of child-safety zones in any class of cases, and it has not prohibited community-supervision conditions that prevent a defendant from seeing his own child. Because we conclude the trial court had the authority to impose Amended Conditions 18 and 19, we overrule appellant's second issue.

### D. Did the trial court violate the Texas Family Code by upholding Amended Conditions 18 and 19 without analysis of the best interest of appellant's child?

■ In his third issue, appellant asserts that the trial court violated section 153.193 of the Texas Family Code by upholding Amended Conditions 18 and 19 without an analysis of the best interest of appellant's child. We cannot rule on the merits of this assertion because appellant did not preserve error on this issue.

■ To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with suffi-

cient specificity to apprise the trial court of the complaint. *See* TEX.R.APP. P. 33.1(a); *Saldano,* 70 S.W.3d at 886–87. Even constitutional complaints may be waived by the failure to raise a timely objection in the trial court. *See Saldano,* 70 S.W.3d at 886–89. Appellant has not cited and we have not found any place in the appellate record showing that appellant raised this issue in the trial court. Accordingly, we find that appellant has not preserved error, and we overrule appellant's third issue.

### E. Should this court grant appellant's motion for judicial notice?

■ Appellant has filed a motion asking this court to take judicial notice of the complainant's age at the time of the offense based on a print-out of appellant's online "Sex Offender Registration Record" from the Texas Department of Public Safety's website.[6] The print-out indicates appellant is on community supervision for ten years for sexually assaulting a twenty-year-old female. Appellant did not provide any other documents or proof in support of his motion for judicial notice.

Upon the request of a party supplying the necessary information, this court is obliged to take judicial notice of facts that are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* TEX.R. EVID. 201(b), (d).

Judicial notice is inappropriate here because the victim's age is not generally known in Harris County, Texas, and the accuracy of the online record can reasonably be questioned. Under article 62.02 of

---

**6.** At the time of this writing the website address is http://records.txdps.state.tx.us and appellant's record may be viewed at: http://records.txdps.state.tx.us/soSearch/soDetail.cfm?ShowNav= False&dps_number=04770904.

the Texas Code of Criminal Procedure, a sex offender, like appellant, registers by filling out a standard registration form and submitting it to a local law-enforcement office. *See* TEX.CODE CRIM. PROC. art. 62.02. The victim's age is one of the items the offender must provide to complete the form. *See id.* art. 62.02(b)(3). After completing the form, the offender signs it to verify that the information is complete and accurate. *See id.* art. 62.02(e). Although the local office must verify the offender's identity and residence, there is no indication in the statute that the victim's age is subject to verification by someone other than the offender. A record based solely on self-reported information can reasonably be questioned. Accordingly, we deny appellant's motion for judicial notice.

## V. CONCLUSION

Because appellant has not shown that the trial court abused its discretion in determining that Amended Conditions 18 and 19 were reasonable and because appellant did not prove that these conditions violate his constitutional rights, we overrule appellant's first and fourth issues. Appellant did not preserve error as to his procedural due process complaints. We overrule appellant's second issue because the Texas Code of Criminal Procedure does not limit the imposition of a child-safety zone to those cases in which the victim was a child. Finally, we overrule appellant's third issue because he failed to preserve error in the trial court on the question of whether the trial court was required to assess the best interest of his son under the Family Code. Having overruled all of appellant's issues, we affirm the trial court's judgment.