NO. 07-03-0092-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 14, 2003


______________________________



DAMON SCOTT SHRAUNER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 98,683-2; HON. WILLIAM C. DODSON, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Damon Scott Shrauner, by and through his attorney, has filed a motion
to dismiss this appeal because he no longer desires to prosecute it. The cause was
previously abated; we now reinstate it. Without passing on the merits of the case, we grant
the motion to dismiss pursuant to Texas Rule of Appellate Procedure 42.1(a)(2) and
dismiss the appeal. Having dismissed the appeal at appellant's request, no motion for
rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

Do not publish. Justice



 committed error in 1) allowing
the sentences in the seven state jail felonies to be enhanced without any proper
enhancement pleadings; 2) by failing to properly admonish appellant before accepting his
pleas of guilty; and 3) by refusing to enter an acquittal pursuant to article 1.15 of the Texas
Code of Criminal Procedure, for the offense of felony use or possession of identifying
information, because the evidence was legally insufficient to sustain a finding of guilt.

 We will affirm the judgment of the trial court.

Factual and Procedural Background


 Appellant was arrested for multiple felonies in Lubbock County which culminated in
a plea of guilty to nine felonies without benefit of a plea agreement. Prior to appellant's
pleas of guilty, on September 1, 2005, the trial court held a pre-trial hearing on non-evidentiary matters. At that hearing, the State filed notices of intent to enhance the two
third degree felonies alleging that, prior to committing those offenses, appellant had been
convicted of two prior felony offenses, thereby enhancing the punishment range to 25
years to 99 years or life. The notice of enhancements were filed in the two cases alleging
possession of cocaine of less than four grams but over one gram. (These are appellate
cause nos. 07-06-0024-CR and 07-06-0020-CR.) Subsequently, appellant decided to
forego trial and entered the guilty pleas referenced above. The guilty pleas were entered
on November 2, 2005. At the time of the guilty pleas, appellant was admonished verbally
and in writing as to the applicable range of punishment for all nine cases as enhanced. In
each of the nine felonies appellant plead guilty to the primary offense and true to the
enhancement allegations. After receiving the pleas of guilty, the trial court adjourned the
proceedings and set the punishment hearing for a later date. On December 28, 2005, the
trial court conducted the punishment hearing and assessed the punishment from which
appellant now appeals.

State Jail Felonies


 Appellant's first contention, concerning the state jail felonies, is that the trial court
allowed the State to orally file enhancements for purposes of punishment on the day of the
plea of guilty and thereby harming appellant by increasing the punishment that appellant
was facing. In each of these cases, the trial court sentenced appellant to 20 years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant has couched his arguments in terms of a violation of appellant's due process
rights as a result of inadequate notice provided by the State of its intention to seek an
enhanced punishment.

 However, before we can consider the merits of appellant's argument, we must first
determine if appellant's complaint is properly before us. In order to complain on appeal
about the action of the trial court, appellant must properly preserve the issue for appeal. 
Tex. R. App. P. 33.1(a). This is true even when appellant couches his arguments in terms
of a constitutional argument. Ex Parte Alakayi, 102 S.W.3d 426, 434-35
(Tex.App-Houston [14th Dist.] 2003, pet ref'd) (citing Saldano v. State, 70 S.W.3d 873, 887
(Tex.Crim.App. 2002)). 

 A complete review of this record reveals that at no time did appellant ever complain
about the lack of notice of the State's intent to use his prior convictions for enhancement
purposes on the seven state jail felonies. He neither objected to the use nor did he request
any continuance alleging surprise. Further, appellant filed a motion for new trial and could
have preserved the error by raising the issue in said motion. However, he failed to do so. 
Objections or motions promote the prevention of and/or correction of errors and thereby
promote overall efficiency in the administration of justice. See Saldano, 70 S.W.3d at 887. 
Appellant has waived his complaint and presents nothing for our review.

Admonishments Prior to Pleas


 Appellant next complains about the lack of proper admonishments prior to entering
his pleas of guilty. A review of appellant's complaint reveals that his allegations of
improper admonishment are aimed at the oral admonishments given by the trial court. 
Appellant points to several errors made by the trial court and an alleged total failure to
admonish the appellant as to one of the pleas. However, appellant's contentions overlooks
one important factor. Along with the oral admonishments, appellant executed written
admonishments in all nine cases. Appellant makes no complaint about these
admonishments being incomplete, inaccurate or wholly lacking. Appellant and his counsel
signed all of the written admonishments and thereby acknowledged that they read and
understood the consequences of the pleas of guilty being entered into. Further, the written
admonishments stated that appellant waived the requirements of any oral admonishments. 
After reviewing the written admonishments, we have determined that they meet the
requirements of article 26.13 of the Texas Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon Supp 2005), see Ruffin v. State, 3 S.W.3d 140, 144-45
(Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Once it has been established that the trial
court complied with the statutory mandate on admonishments, the burden shifts to the
appellant to affirmatively show that he was not aware of the consequences of his plea. Id. 
Having reviewed the entire record, we do not find any indications that appellant lacked 
knowledge of the consequences of his plea. See Burnett v. State, 88 S.W.3d 633, 638
(Tex.Crim.App. 2002) (reviewing court must review entire record to determine if anything
suggests that appellant did not know the consequences of his plea). Accordingly, there is
no error in the admonishments of appellant shown in the record. Appellant's issue is
overruled.

Article 1.15 Texas Code of Criminal Procedure


 Appellant's final complaint is that the trial court committed error when it did not enter
an order of acquittal because the evidence was insufficient on the issue of mens rea under
article 1.15 of the Texas Code of Criminal Procedure. Article 1.15 provides:

 . . . it shall be necessary for the state to introduce evidence into the recordshowing the guilt of the defendant and said evidence shall be accepted by
the court as the basis for its judgment and in no event shall a person charged
be convicted upon his plea without sufficient evidence to support the same.
The evidence may be stipulated if the defendant in such cases consents. . . .


Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). Appellant was charged by
indictment with the offense of Fraudulent Use or Possession of Identifying Information. 
Tex. Pen. Code Ann. § 32.51 (Vernon 2005). At the time of his arrest for the instant
offense, appellant was in possession of the identification for one "Daniel Vidales." 
Appellant contends that, although he confessed to using certain counterfeit checks in the
name of "Daniel Vidales," the state failed to produce the alleged victim at trial or otherwise
prove that "Daniel Vidales" failed to consent to the use of identification or that he was even
a real person. According to appellant's theory, this failure of evidence leads to the
conclusion that the evidence was insufficient and, accordingly, to the requirement that the
trial court enter an order of acquittal. 

 At the time of appellant's plea, he not only entered a plea of guilty to the offense,
but he also signed a written judicial confession. The judicial confession signed by
appellant provides in part, "I understand the foregoing allegations and I confess that they
are true . . . ." This court has had the opportunity to address allegations similar to
appellant's before. In an unpublished opinion, we have held that a written confession
admitting the veracity of the allegations is sufficient to establish guilt. Overton v. State,
2006 Tex. App. LEXIS 397 (Tex.App.-Amarillo Jan. 18, 2006, no pet.) (not designated for
publication) (relying on Dinnery v. State, 592 S.W.2d 343, 353 (Tex.Crim.App. [Panel Op.]
1980) (op. on reh'g)). We see no reason to alter our position and, accordingly, overrule
appellant's contention.

Conclusion


 Having overruled appellant's issues, the judgments of the trial court are all affirmed.

 

 Mackey K. Hancock

 Justice








Do not publish.