NO. 07-04-0461-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 16, 2004

______________________________

In re RONALD H. MARR, JR.,

                                         Relator

_____________________________

                                                   Original Proceeding         

_______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Pending before this court is the application of Ronald H. Marr, Jr., for leave to file a petition for writ of mandamus.  As we construe the petition, Marr asks us to order the District Attorney’s office of Lubbock County, the judge of the 137
th
 District Court of Lubbock County, and his court-appointed counsel to “hear and present” various motions he has filed as well as a petition for writ of habeas corpus.  For the reasons which follow, we deny the petition.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.  
Tex. R. App. P. 
52.3(j).  The latter must include, among other things, a “certified or sworn copy of . . . [the] document showing the matter complained of . . . .”  
Id.
 52.3(j)(1)(A).  In this case, the documents showing the matters complained of would at the very least be copies of the motions and writ of habeas corpus which Marr alleges were not presented or addressed.  Although he refers to those documents as being attached to his petition, we do not find them and there is no record before us.  Thus, relator not only failed to comply with the rules of appellate procedure regulating mandamus, but also denied us a record sufficient to enable us to assess his complaints.

Second, to the extent that relator wants us to order an entity or person other than a trial court to act, we, as an appellate court, have jurisdiction to do so only when necessary to enforce our jurisdiction over a pending appeal.  
In re Washington, 
7 S.W.3d 181, 182 (Tex. App.--Houston [1
st
 Dist.] 1999, orig. proceeding).  At bar, however, relator fails to allege that any such appeal is pending.  Nor does he argue that the relief requested is necessary to assure the proper resolution of any appeal that he may have pending. Thus, and to the extent that it encompasses the district attorney and court-appointed counsel, we have no jurisdiction over the request for mandamus relief.

Third, and to the extent that relator requests we order the trial court to act upon various motions or petitions for writs, nothing of record illustrates that the requests were presented to the trial court or that a trial court refused to act upon them.  One asking for mandamus relief must first show that the trial court was asked to do something and that it refused the request.  
O’Connor v. First Court of Appeals, 
837 S.W.2d 94, 97 (Tex. 1992).

Accordingly, the application for leave to file a petition for writ of mandamus is denied.

Brian Quinn 

   Justicebbock County which culminated in a plea of guilty to nine felonies without benefit of a plea agreement.  Prior to appellant’s pleas of guilty, on September 1, 2005, the trial court held a pre-trial hearing on non-evidentiary matters.  At that hearing, the State filed notices of intent to enhance the two third degree felonies alleging that, prior to committing those offenses, appellant had been convicted of two prior felony offenses, thereby enhancing the punishment range to 25 years to 99 years or life.  The notice of enhancements were filed in the two cases alleging possession of cocaine of less than four grams but over one gram.  (These are appellate cause nos. 07-06-0024-CR and 07-06-0020-CR.)  Subsequently, appellant decided to forego trial and entered the guilty pleas referenced above.  The guilty pleas were entered on November 2, 2005.  At the time of the guilty pleas, appellant was admonished verbally and in writing as to the applicable range of punishment for all nine cases as enhanced.  In each of the nine felonies appellant plead guilty to the primary offense and true to the enhancement allegations.  After receiving the pleas of guilty, the trial court adjourned the proceedings and set the punishment hearing for a later date.  On December 28, 2005, the trial court conducted the punishment hearing and assessed the punishment from which appellant now appeals.

State Jail Felonies

Appellant’s first contention, concerning the state jail felonies, is that the trial court allowed the State to orally file enhancements for purposes of punishment on the day of the plea of guilty and thereby harming appellant by increasing the punishment that appellant was facing.  In each of these cases, the trial court sentenced appellant to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant has couched his arguments in terms of a violation of appellant’s due process rights as a result of inadequate notice provided by the State of its intention to seek an enhanced punishment.

However, before we can consider the merits of appellant’s argument, we must first determine if appellant’s complaint is properly before us.  In order to complain on appeal about the action of the trial court, appellant must properly preserve the issue for appeal.  
Tex. R. App. P. 
33.1(a).  This is true even when appellant couches his arguments in terms of a constitutional argument.  
Ex Parte Alakayi
, 102 S.W.3d 426, 434-35 (Tex.App–Houston [14
th
 Dist.] 2003, pet ref’d) (citing 
Saldano v. State
, 70 S.W.3d 873, 887 (Tex.Crim.App. 2002)).  

A complete review of this record reveals that at no time did appellant ever complain about the lack of notice of the State’s intent to use his prior convictions for enhancement purposes on the seven state jail felonies.  He neither objected to the use nor did he request any continuance alleging surprise.  Further, appellant filed a motion for new trial and could have preserved the error by raising the issue in said motion.  However, he failed to do so.  Objections or motions promote the prevention of and/or correction of errors and thereby promote overall efficiency in the administration of justice. 
See
 
Saldano
, 70 S.W.3d at 887.  Appellant has waived his complaint and presents nothing for our review.

Admonishments Prior to Pleas

Appellant next complains about the lack of proper admonishments prior to entering his pleas of guilty.  A review of appellant’s complaint reveals that his allegations of improper admonishment are aimed at the oral admonishments given by the trial court.  Appellant points to several errors made by the trial court and an alleged total failure to admonish the appellant as to one of the pleas.  However, appellant’s contentions overlooks one important factor.  Along with the oral admonishments, appellant executed written admonishments in all nine cases.  Appellant makes no complaint about these admonishments being incomplete, 
inaccurate or wholly lacking.  Appellant and his counsel signed all of the written admonishments and thereby acknowledged that they read and understood the consequences of the pleas of guilty being entered into.  Further, the written admonishments stated that appellant waived the requirements of any oral admonishments.  After reviewing the written admonishments, we have determined that they meet the requirements of article 26.13 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 26.13 (Vernon Supp 2005), 
see
 
Ruffin v. State
, 3 S.W.3d 140, 144-45 (Tex.App.–Houston [14
th
 Dist.] 1999, pet. ref’d).  Once it has been established that the trial court complied with the statutory mandate on admonishments, the burden shifts to the appellant to affirmatively show that he was not aware of the consequences of his plea.  
Id
.  Having reviewed the entire record, we do not find any indications that appellant lacked  knowledge of the consequences of his plea.  
See
 
Burnett v. State
, 88 S.W.3d 633, 638 (Tex.Crim.App. 2002) (reviewing court must review entire record to determine if anything suggests that appellant did not know the consequences of his plea).  Accordingly, there is no error in the admonishments of appellant shown in the record.  Appellant’s issue is overruled.

Article 1.15 Texas Code of Criminal Procedure

Appellant’s final complaint is that the trial court committed error when it did not enter an order of acquittal because the evidence was insufficient on the issue of 
mens rea
 under article 1.15 of the Texas Code of Criminal Procedure.  Article 1.15 provides:

. . . it shall be necessary for the state to introduce evidence into the recordshowing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such cases consents. . . .

Tex. Code Crim. Proc.
 Ann. art. 1.15 (Vernon 2005).   Appellant was charged by indictment with the offense of Fraudulent Use or Possession of Identifying Information.  
Tex. Pen. Code Ann.
 § 32.51 (Vernon 2005).  At the time of his arrest for the instant offense, appellant was in possession of the identification for one “Daniel Vidales.”  Appellant contends that, although he confessed to using certain counterfeit checks in the name of “Daniel Vidales,” the state failed to produce the alleged victim at trial or otherwise prove that “Daniel Vidales” failed to consent to the use of identification or that he was even a real person.  According to appellant’s theory, this failure of evidence leads to the conclusion that the evidence was insufficient and, accordingly, to the requirement that the trial court enter an order of acquittal.  

At the time of appellant’s plea, he not only entered a plea of guilty to the offense, but he also signed a written judicial confession.  The judicial confession signed by appellant provides in part, “I understand the foregoing allegations and I confess that they are true . . . .”  This court has had the opportunity to address allegations similar to appellant’s before.  In an unpublished opinion, we have held that a written confession admitting the veracity of the allegations is sufficient to establish guilt.  
Overton v. State
, 2006 Tex. App. LEXIS 397 (Tex.App.–Amarillo Jan. 18, 2006, no pet.) (not designated for publication) (relying on 
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh’g)).  We see no reason to alter our position and, accordingly, overrule appellant’s contention.

Conclusion

Having overruled appellant’s issues, the judgments of the trial court are all affirmed.

 

Mackey K. Hancock

         Justice

Do not publish.