NO. 07-03-0402-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



 JANUARY 26, 2005


______________________________




PAUL R. TRUJILLO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A13170-9809; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Paul R. Trujillo appeals from a judgment revoking community supervision
and imposing sentence pursuant to conviction for possession of marihuana in an amount
more than five pounds but less than fifty pounds. We affirm.

 In accordance with a plea bargain, appellant entered a plea of guilty to a charge of 
possession of marihuana. The judge of the 64th District Court of Hale County (the trial
court), found that the evidence substantiated appellant's guilt, accepted the guilty plea,
found appellant guilty, and sentenced appellant to confinement for seven years and a fine
of $1,400. The confinement portion of the sentence was suspended and appellant was
placed on community supervision for seven years.

 The State filed a motion to revoke appellant's community supervision. The motion
was heard on August 16, 2002. Appellant pled true to three of the four violations alleged
as the basis for the motion. The trial judge found that appellant violated terms of his
probation, modified appellant's community supervision, and extended appellant's probation
for an additional three years. 

 The State filed another motion to revoke appellant's community supervision which
was heard on September 5, 2003. Appellant again pled true to one of the violations alleged
as the basis for the motion. The trial judge found that appellant violated his probation
terms, revoked the order placing appellant on community supervision, and ordered that
appellant serve the confinement portion of his sentence in the Institutional Division of the
Texas Department of Criminal Justice. Appellant filed a general notice of appeal from the
revocation. 

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed. In so certifying, counsel has identified three possible issues for
appellate review and discussed why, under the controlling authorities, there is no reversible
error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978). Counsel has expressed his opinion that the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. Appellant has not filed a response to counsel's motion and brief.

 We have made an independent examination of the record to determine whether
there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct.
346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). We have found no such grounds. We agree that the appeal is frivolous. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Chief Justice



Do not publish. 



or purposes of punishment on the day of the
plea of guilty and thereby harming appellant by increasing the punishment that appellant
was facing. In each of these cases, the trial court sentenced appellant to 20 years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant has couched his arguments in terms of a violation of appellant's due process
rights as a result of inadequate notice provided by the State of its intention to seek an
enhanced punishment.

 However, before we can consider the merits of appellant's argument, we must first
determine if appellant's complaint is properly before us. In order to complain on appeal
about the action of the trial court, appellant must properly preserve the issue for appeal. 
Tex. R. App. P. 33.1(a). This is true even when appellant couches his arguments in terms
of a constitutional argument. Ex Parte Alakayi, 102 S.W.3d 426, 434-35
(Tex.App-Houston [14th Dist.] 2003, pet ref'd) (citing Saldano v. State, 70 S.W.3d 873, 887
(Tex.Crim.App. 2002)). 

 A complete review of this record reveals that at no time did appellant ever complain
about the lack of notice of the State's intent to use his prior convictions for enhancement
purposes on the seven state jail felonies. He neither objected to the use nor did he request
any continuance alleging surprise. Further, appellant filed a motion for new trial and could
have preserved the error by raising the issue in said motion. However, he failed to do so. 
Objections or motions promote the prevention of and/or correction of errors and thereby
promote overall efficiency in the administration of justice. See Saldano, 70 S.W.3d at 887. 
Appellant has waived his complaint and presents nothing for our review.

Admonishments Prior to Pleas


 Appellant next complains about the lack of proper admonishments prior to entering
his pleas of guilty. A review of appellant's complaint reveals that his allegations of
improper admonishment are aimed at the oral admonishments given by the trial court. 
Appellant points to several errors made by the trial court and an alleged total failure to
admonish the appellant as to one of the pleas. However, appellant's contentions overlooks
one important factor. Along with the oral admonishments, appellant executed written
admonishments in all nine cases. Appellant makes no complaint about these
admonishments being incomplete, inaccurate or wholly lacking. Appellant and his counsel
signed all of the written admonishments and thereby acknowledged that they read and
understood the consequences of the pleas of guilty being entered into. Further, the written
admonishments stated that appellant waived the requirements of any oral admonishments. 
After reviewing the written admonishments, we have determined that they meet the
requirements of article 26.13 of the Texas Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon Supp 2005), see Ruffin v. State, 3 S.W.3d 140, 144-45
(Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Once it has been established that the trial
court complied with the statutory mandate on admonishments, the burden shifts to the
appellant to affirmatively show that he was not aware of the consequences of his plea. Id. 
Having reviewed the entire record, we do not find any indications that appellant lacked 
knowledge of the consequences of his plea. See Burnett v. State, 88 S.W.3d 633, 638
(Tex.Crim.App. 2002) (reviewing court must review entire record to determine if anything
suggests that appellant did not know the consequences of his plea). Accordingly, there is
no error in the admonishments of appellant shown in the record. Appellant's issue is
overruled.

Article 1.15 Texas Code of Criminal Procedure


 Appellant's final complaint is that the trial court committed error when it did not enter
an order of acquittal because the evidence was insufficient on the issue of mens rea under
article 1.15 of the Texas Code of Criminal Procedure. Article 1.15 provides:

 . . . it shall be necessary for the state to introduce evidence into the recordshowing the guilt of the defendant and said evidence shall be accepted by
the court as the basis for its judgment and in no event shall a person charged
be convicted upon his plea without sufficient evidence to support the same.
The evidence may be stipulated if the defendant in such cases consents. . . .


Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). Appellant was charged by
indictment with the offense of Fraudulent Use or Possession of Identifying Information. 
Tex. Pen. Code Ann. § 32.51 (Vernon 2005). At the time of his arrest for the instant
offense, appellant was in possession of the identification for one "Daniel Vidales." 
Appellant contends that, although he confessed to using certain counterfeit checks in the
name of "Daniel Vidales," the state failed to produce the alleged victim at trial or otherwise
prove that "Daniel Vidales" failed to consent to the use of identification or that he was even
a real person. According to appellant's theory, this failure of evidence leads to the
conclusion that the evidence was insufficient and, accordingly, to the requirement that the
trial court enter an order of acquittal. 

 At the time of appellant's plea, he not only entered a plea of guilty to the offense,
but he also signed a written judicial confession. The judicial confession signed by
appellant provides in part, "I understand the foregoing allegations and I confess that they
are true . . . ." This court has had the opportunity to address allegations similar to
appellant's before. In an unpublished opinion, we have held that a written confession
admitting the veracity of the allegations is sufficient to establish guilt. Overton v. State,
2006 Tex. App. LEXIS 397 (Tex.App.-Amarillo Jan. 18, 2006, no pet.) (not designated for
publication) (relying on Dinnery v. State, 592 S.W.2d 343, 353 (Tex.Crim.App. [Panel Op.]
1980) (op. on reh'g)). We see no reason to alter our position and, accordingly, overrule
appellant's contention.

Conclusion


 Having overruled appellant's issues, the judgments of the trial court are all affirmed.

 

 Mackey K. Hancock

 Justice








Do not publish.