# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

### NO. 03-05-00277-CR

### Ex parte Thomas Retzlaff

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 47,846-A, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I joined in the Court's original opinion in its entirety. On rehearing, I again join in the majority's opinion with the exception of its new disposition regarding condition 39, which prohibited Retzlaff from threatening to file pro se civil litigation without first demonstrating to the trial court that such litigation would not be frivolous. Particularly in light of our standard of review, I cannot agree that condition 39 impermissibly infringes upon any First Amendment interests that Retzlaff possesses.

Trial courts have broad discretion to determine the conditions of community supervision. *Kesaria v. State*, 189 S.W.3d 279, 284 (Tex. Crim. App. 2006); *Speth v. State*, 6 S.W.3d 530, 533-34 (Tex. Crim. App. 1999). Article 42.12 of the Code of Criminal Procedure allows a trial judge to "impose any reasonable condition that is designed to protect or restore the community, protect

or restore the victim, or punish rehabilitate, or reform the defendant." Tex. Code Crim Proc. Ann. art. 42.12, §11(a) (West 2005). An appellate court's review of the probation conditions imposed on a defendant is limited to determining whether the trial court abused its discretion. *Leblanc v. State*, 908 S.W.2d 573, 574 (Tex. App.—Fort Worth 1995, no pet.); *Todd v. State*, 911 S.W.2d 807, 817 (Tex. App.—El Paso 1995, no pet.). This standard of review recognizes that trial judges with first-hand familiarity with the circumstances of a case and the characteristics of a defendant – not appellate courts reading a cold record – are best equipped to make the sensitive, fact-specific judgments required when imposing probation conditions. *Cf. Newbury v. State*, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004); *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 381 (Tex. 2001).

A condition of supervision is not necessarily invalid because it interferes with the exercise of a constitutionally protected right. *Ex parte Alakayi*, 102 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). (Indeed, conditions of supervision are imposed as an alternative to incarceration, a far more profound interference with one's constitutional rights). Probationary conditions are meant to assure that probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large. *Lee v. State*, 952 S.W.2d 894, 899 (Tex. App.—Dallas 1997, no pet.). Probationers do not enjoy the absolute liberty to which every citizen is entitled, but only a conditional liberty properly dependent on the observance of the supervisory conditions. *Id*. To determine whether a challenged condition improperly violates a probationer's constitutional rights, we must consider the purposes sought to be served by community supervision, the extent to which constitutional rights enjoyed by law-abiding persons should be accorded probationers, and the legitimate needs of law enforcement. *Alakayi*, 102 S.W.3d at 432.

2

In *Lee*, the defendant was placed on community supervision following his conviction for indecency with a child. 952 S.W.2d at 896. Among the conditions of supervision were that the defendant report regularly to his probation officer and that he have no contact with persons under eighteen years of age. *Id*. After learning that the defendant, a Jehovah's Witness, was going door-to-door proselytizing for his religion, the trial court, concerned that this activity might bring the defendant into contact with minors, ordered him to stop witnessing door-to-door. *Id*. The defendant complied with this order, but continued his witnessing by telephone. *Id*. When questioned about this by his probation officer, the defendant refused to answer on the ground that his religious activities were none of the officer's business. *Id*. The trial court revoked the defendant's supervision for failing to report his activities, and the court of appeals affirmed. The court held that the officer's questions regarding the defendant's religious activities were directly related to the crime for which the defendant was convicted, served the legitimate purposes of probation, and contributed to the defendant's rehabilitation. *Id*. at 900. In the court's opinion, the questions did not exceed the defendant's diminished expectation of privacy while on probation. *Id*.

In *Alakayi*, the defendant was placed on community supervision following a conviction for sexual assault. 102 S.W.3d at 429. One of the conditions of supervision prohibited the defendant from having any contact with persons under the age of seventeen, including his own ten-year-old son. Id. Another prohibited the defendant from participating in any program or activity involving persons under seventeen, which precluded the defendant from transporting his son to a daycare facility. *Id*. at 430. These conditions also had the effect of prohibiting the defendant from living with his wife so long as she was living with their son. *Id*. at 432. The defendant challenged the conditions as

3

depriving him of his constitutional right to associate with his son and maintain his family. *Id*. at 431. The court of appeals upheld the conditions, holding that the defendant did not meet his burden of proving that the conditions were unreasonable under the circumstances of the case or that they violated his family rights under the Constitution. *Id*. at 434.

The district court did not abuse its discretion under the circumstances in imposing condition 39 on Retzlaff. Retzlaff pleaded guilty to tampering with or fabricating physical evidence in order to hide his thefts of books from the Bell County law library. Retzlaff was apparently using the library as a resource for his many pro se civil lawsuits. As the trial court found, Retzlaff has used pro se litigation "as a weapon" against those who have fallen into his disfavor for one reason or another. The district court explained that conditions 39 and 40 were intended "to curb these tendencies." The majority does not dispute that condition 40 – which bars Retzlaff's filing of future lawsuits without court approval – has a genuine rehabilitative purpose that is directly related to the offense for which Retzlaff was convicted and thus does not impermissibly infringe any First Amendment interests Retzlaff may have. I would hold the same regarding conditions 39. Although condition 39 does restrain whatever First Amendment interests Retzlaff may have in threatening others with litigation, it serves the legitimate needs of probation and law enforcement and was a proper exercise of the trial court's discretion under the circumstances. I would add that both conditions 39 and 40 also serve to protect the community from Retzlaff's abusive use of litigation as a weapon. Retzlaff has not met his burden of proving that condition 39 exceeds his diminished liberty interests while on probation.

I would overrule Retzlaff's challenge to the constitutionality of condition 39. I respectfully dissent to the Court's decision to grant relief as to that condition.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed:   May 15, 2007

Do Not Publish