In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00143-CR


NO. 09-09-00144-CR


____________________



RODNEY ALLEN BOYCE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause Nos. 09-01-00185-CR and 09-01-00188-CR





 

MEMORANDUM OPINION


 Rodney Allen Boyce entered a non-negotiated guilty plea to two indictments for
driving while intoxicated and pled true to habitual offender enhancement allegations
contained in the indictments. The trial court found Boyce to be an habitual offender and
imposed a seventy-five year sentence in each case, with the sentences to run concurrently. 
The sole issue raised on appeal contends the trial court erred in failing to conduct an
evidentiary hearing on Boyce's motion for new trial. We hold the trial court provided an
adequate opportunity to present evidence in support of a motion for new trial, and affirm the
judgment.

 Boyce pled guilty in a proceeding conducted before a visiting judge sitting for the 9th
District Court of Montgomery County, Texas. The trial court accepted Boyce's guilty pleas
and reset the cases for sentencing. On the date of the sentencing hearing, the elected judge
of the 435th District Court of Montgomery County, Texas sat as the 9th District Court. 
Defense counsel, believing the case had been transferred, asked for a continuance or a week-long recess, "[n]ot that there is a specific objection to this specific court." Defense counsel
stated, "I would like at least a week or two to discuss all possibilities with my client and also
just to make sure we can get some family members in here." The judge explained that he was
sitting as the 9th District Court and denied the motion.

 After the lunch recess, the trial court reconvened the hearing and stated, as follows:


 THE COURT: And I understood earlier this morning that Mr. Boyce
wanted to withdraw his plea of guilty. Is that no longer the case?


 THE DEFENDANT: No, sir, I'm not going to.


 THE COURT: I'm sorry, you have to speak up.


 [DEFENSE COUNSEL]: Stand up.


 THE DEFENDANT: I said, no, sir, I don't want to withdraw.


 THE COURT: Okay. You want to proceed here today?


 THE DEFENDANT: Yes.


Boyce pled true to five enhancement paragraphs. The trial court took judicial notice that one
of the charged offenses occurred on April 26, 2008, and the other occurred on May 7, 2008,
while Boyce was out on bond for the first offense. The trial court noted that Boyce had four
prior convictions for driving while intoxicated.

 After sentencing, Boyce obtained new counsel. On April 24, 2009, Boyce filed a
motion for new trial on the grounds that his pleas of guilty were "effectively involuntary." 
The motion for new trial alleged that Boyce would not have pled guilty to the indictments if
he had prior knowledge that the judge of the 435th District Court would preside at the
punishment hearing. Boyce alleged he "ultimately agreed not to withdraw his plea in fear
of a consecutive sentence and aggravated time for purposes of parole." At a hearing
conducted on April 30, 2009, before the elected judge of the 9th District Court, trial counsel
addressed the court and reminded the trial court that the State had only been able to establish
four prior convictions for driving while intoxicated and that the State's rejected offer had
been based on the prosecution's belief that Boyce had more convictions. Trial counsel stated
to the court that

 I know [appellate counsel] is asking not to start the whole process all over
again but for Mr. Boyce to get what he expected, which is to get sentenced by
Your Honor as opposed to someone we hadn't researched, brand new judge I
never would have advised Mr. Boyce to plea to; and I don't think Mr. Boyce
would have pled to a former prosecutor who had been out of the -- you know,
out of the D.A.'s office for only a couple of months.


 Other than the statements of trial counsel, no other evidence or testimony was
presented to the trial court and neither trial counsel nor appellate counsel informed the trial
court that Boyce wished to present any other evidence before the trial court ruled on the
motion for new trial. The trial court overruled the motion for new trial. The order overruling
the motion for new trial was signed on May 11, 2009. 

 On appeal, Boyce argues that he met all of the prerequisites for an evidentiary hearing.
See Reyes v. State, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993). The motion was filed
within thirty days of sentencing. See Tex. R. App. P. 21.4(a). Boyce attached affidavits from
trial counsel. See Reyes, 849 S.W.2d at 816. Boyce contends the affidavits identified matters
not determinable from the record. See id. According to Boyce, his former trial counsel made
an introductory statement at the hearing and the motion was denied without an evidentiary
hearing.

 Boyce's claim that he was denied an opportunity to present evidence at the hearing
is not supported by the appellate record. The trial court convened a hearing on the motion
for new trial. Appellate counsel told the trial judge he had "[o]ne more quick one, Judge, on
Boyce." Former appointed trial counsel described to the trial court the matters that are also
described in her affidavit. The trial court noted that the case had not been transferred and
that the judge of the 435th District Court had been sitting for the judge of the 9th District
Court. At no point during the hearing did counsel inform the court that Boyce had additional
information to provide to the court. Boyce never attempted to introduce the affidavits into
evidence and never indicated to the trial court that he desired to examine the prosecutor or
have co-counsel from the trial testify. When the trial court ruled on the motion for new trial,
counsel thanked the trial court without notifying the court that Boyce had additional evidence
to present to the trial court. Boyce neither complained about the procedure employed by the
trial court at the hearing nor informed the court that he desired to present additional evidence
before the trial court ruled or reconsidered his motion for new trial. To the extent that Boyce
complains that the trial court denied him an opportunity to present evidence at the hearing,
he failed to preserve error. See Ex parte Alakayi, 102 S.W.3d 426, 434-35 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd); see also Tex. R. Evid. 103(a); Tex. R. App. P.
33.1(a).

 Furthermore, former trial counsel's statements to the trial court were not objected to
or contested by the prosecution. See Zamorano v. State, 84 S.W.3d 643, 655 n.57 (Tex.
Crim. App. 2002); State v. Rangel, 980 S.W.2d 840, 845 (Tex. App.--San Antonio 1998, no
pet.). A comparison of former appointed counsel's statements in open court during the
motion for new trial hearing to the affidavits attached to the motion for new trial do not
reveal any significant information that was not presented to the trial court during the hearing
on Boyce's motion for new trial.

 Moreover, a review of an appellate complaint that the trial court erred in failing to
conduct an evidentiary hearing "is limited to the trial judge's determination of whether the
defendant has raised grounds that are both undeterminable from the record and reasonable,
meaning they could entitle the defendant to relief." Smith v. State, 286 S.W.3d 333, 340
(Tex. Crim. App. 2009). In this case, the trial court could have determined from the face of
the motion and attached affidavits that Boyce is not entitled to relief.

 First, the elected judge of the 9th District Court did not accept Boyce's guilty pleas;
accordingly, Boyce could not argue that a right to sentencing by the elected judge of the 9th
District Court attached by reason of the initial plea proceeding. Second, such a claim would
have no merit in any event because "it is proper for a different judge to sit at the punishment
hearing and his decision as to punishment will not be disturbed on appeal absent a showing
of abuse of discretion and harm." Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App.
1984). Third, the visiting judge who took Boyce's guilty pleas accepted the pleas;
accordingly, Boyce could not have withdrawn his pleas during the sentencing hearing
without leave of court. See Durst v. State, 900 S.W.2d 134, 137-38 (Tex. App.--Beaumont
1995, pet. ref'd). Fourth, counsel's ground for a continuance had no merit because the
sentencing judge conducted the sentencing hearing while sitting as the 9th District Court. 
See Tex. Gov't Code Ann. § 24.303 (Vernon 2004). Fifth, trial counsel not only did not
object to the sentencing judge, she affirmatively informed the judge that she did not object
to him, thereby waiving any objection to his hearing the case. See Tex. R. App. P. 33.1(a). 
Sixth, Boyce persisted in his pleas after he learned which judge would assess punishment,
thereby waiving any error. See id. Seventh, the reasons identified in the affidavit for
persisting in the plea are matters of trial strategy that do not implicate voluntariness. Boyce
faced a dilemma of seeking to withdraw his pleas to avoid the sentencing judge at the risk
of increasing his punishment exposure, but such hard choices are his to make unless all of
his options are illegal. See Ripkowski v. State, 61 S.W.3d 378, 389-90 (Tex. Crim. App.
2001). That strategy may have led to an unsuccessful outcome, but Boyce's dissatisfaction
with his sentences does not make his pleas involuntary. Finally, Boyce's motion for new trial
did not raise an issue of ineffective assistance of counsel in connection with his guilty pleas;
therefore, there was no reason to examine trial counsel regarding her trial strategy.

 We hold the trial court provided an adequate opportunity to present evidence in
support of a motion for new trial. Accordingly, we overrule the appellant's issue and affirm
the judgments.

 AFFIRMED.

 _______________________________

 STEVE McKEITHEN

 Chief Justice

 

Submitted on December 29, 2009

Opinion Delivered January 27, 2010

Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.