**Ex parte Charles Anthony RENFRO.**

**No. 14–99–00339–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1999.

Randy Schaffer, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## MAJORITY OPINION

MAURICE E. AMIDEI, Justice.

Charles Anthony Renfro (Appellant) pled guilty to the third degree felony offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(2) (Vernon 1994). Upon conviction, Appellant received community supervision for a term of ten years. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3(b) (Vernon Supp.1999). Approximately five years into the term of his community supervision, the conditions of Appellant's community supervision were amended to require Appellant submit to a polygraph examination to assist in treatment, planning, and case monitoring.[1] Appellant challenged the amendment by filing an application for writ of habeas corpus in the district court. In its habeas corpus judgment, the district court denied Appellant's supplicated relief. On appeal to this Court, Appellant assigns two points of error, contending that (1) the condition of community supervision requiring him to submit to a polygraph examination is unreasonable as applied to him, and (2) the condition of community supervision requiring him to submit to a polygraph examina-

tion violates his Fifth Amendment privilege against self-incrimination. We affirm.

### I.

Although it is not necessary for an applicant for a writ of habeas corpus to be actually confined in jail, the applicant must suffer some restraint to justify the issuance of the writ. *Ex parte Sealy,* 870 S.W.2d 663, 666 (Tex.App.-Houston [1 st Dist.] 1994, no pet.); *see also Ex parte Calhoun,* 127 Tex. 54, 91 S.W.2d 1047, 1048 (Tex.1936). It has been held that community supervision was a sufficient restraint on liberty to permit relief by writ of habeas corpus where the terms and conditions of community supervision required the applicant, as here, to report to a probation officer at least once a month and prohibited him from traveling outside Harris County without permission from the trial court. *Id.; see also Basaldua v. State,* 558 S.W.2d 2, 5 (Tex.Crim.App. 1977).

### II.

In his first point of error, Appellant contends that the condition of his community supervision [2] requiring him to submit to a polygraph examination should have been removed by the district court because such condition is unreasonable as applied to him. Appellant argues that the purpose of the polygraph examination is to benefit a probationer who is receiving sex offender counseling. He asserts that because he completed sex offender counseling in October 1997, requiring him to submit to a polygraph examination will serve no valid purpose in his case.

We note that the district court possesses wide discretion in selecting conditions of community supervision. *Marcum v. State,* 983 S.W.2d 762, 768 (Tex.App.-Houston [14 th Dist.] 1998, pet. ref'd); *see*

1. Appellant's community supervision is scheduled to expire on July 20, 2003.

2. The terms "community supervision" and "probation" share the same meaning and are

generally used interchangeably. *Rodriguez v. State,* 939 S.W.2d 211, 221 (Tex.App.-Austin 1997, no pet.).

*also Fielder v. State,* 811 S.W.2d 131, 134 (Tex.Crim.App.1991). The specific condition of which Appellant complains provides that the Appellant is ordered to "[s]ubmit to any program of psychological and physiological assessment at the direction of your HCCS & CD [3] officer, including ... polygraph, to assist in treatment, planning and case monitoring." We are unable to conclude that the sole purpose of the polygraph examination is to benefit sex offender counseling. Indeed, the condition expressly states that one of its purposes is to provide "case monitoring." This purpose is broad enough to encompass more than just sex offender counseling. Consequently, Appellant's argument that the community supervision condition is unreasonable as applied to him because he already completed sex offender counseling is without merit. We find no abuse of discretion. *See id.* Point overruled.

### III.

In his second point of error, Appellant contends that the district court erred in not removing the polygraph condition of his community supervision because requiring him to submit to such an examination as a condition of community supervision is in violation of his Fifth Amendment privilege against self-incrimination.

Community supervision conditions must be reasonably related to the treatment of the probationer and the protection of the general public. *Marcum,* 983 S.W.2d at 768. A condition of community supervision is invalid if it contains all three of the following characteristics: (1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of community supervision. *Id.*

Applying these rules to the instant case, we find that the polygraph condition is valid.[4] Appellant pled guilty to a sex crime committed upon minor females. One condition of community supervision is that Appellant not have any contact with any minor under the age of seventeen unless specifically permitted by the court. As indicated in the testimony on Appellant's habeas corpus application, compliance with that condition is difficult to enforce. The polygraph condition helps to monitor compliance and is therefore reasonably related to Appellant's criminal offense. *See id.* Also, because this condition is aimed at deterring and discovering criminal conduct most likely to occur during unsupervised contact with minor females, the condition is reasonably related to future criminality. *See id.*

---

3. Harris County Community Supervision and Corrections Department.

4. Several jurisdictions have upheld the validity of polygraph examinations as a condition of community supervision where the probationer was convicted of a sex crime involving minor children. *See, e.g., State v. Lumley,* 267 Kan. 4, 977 P.2d 914, 918–21 (1999) (condition valid because it helped monitor compliance and operated as a deterrent to future criminal conduct, and there is no privilege against self-incrimination available to the probationer on the ground that information sought through a polygraph examination might be used in a subsequent probation revocation hearing); *Cassamassima v. State,* 657 So.2d 906 (Fla.Dist.Ct.App.1995) (en banc) (polygraph condition of probation reasonably related to the offender's probation in that it deters him from violating the terms of probation by instilling in him a fear of detection, and was properly imposed so long as the results of the polygraph are not offered in evidence); *State v. Tenbusch,* 131 Or.App. 634, 886 P.2d 1077 (1994), *cert. denied,* 516 U.S. 991, 116 S.Ct. 523, 133 L.Ed.2d 430 (1995) (polygraph condition of probation valid because, *inter alia,* the main function of a polygraph appears to be the added psychological factor that if the probationer fails to tell the truth, he will be detected); *People v. Miller,* 208 Cal.App.3d 1311, 256 Cal.Rptr. 587 (Cal.Ct.App.1989) (polygraph condition of probation was reasonably related to the defendant's offense and reasonably related to future criminality and was properly imposed on the defendant for the limited purpose as an investigatory tool).

■ Appellant contends that the condition is unreasonable as a method to monitor his compliance with the conditions of his community supervision because polygraph examination results are unreliable. In Texas, the existence and results of a polygraph examination are inadmissible for all purposes. *Tennard v. State,* 802 S.W.2d 678, 683 (Tex.Crim.App.1990); *Cardenas v. State,* 960 S.W.2d 941, 947 (Tex.App.-Texarkana 1998, pet. ref'd). However, this is an evidentiary rule and does not preclude the use of such tests for investigative purposes. Polygraph tests are commonly used as investigative tools. *See* 3A WIGMORE ON EVIDENCE § 999, at 946 (Chadbourn Rev.1970); *see also People v. Miller,* 208 Cal.App.3d 1311, 1315, 256 Cal.Rptr. 587, 589 (1989); *see generally Marcum,* 983 S.W.2d at 766. As we understand it, the polygraph condition was imposed on Appellant as a condition of community supervision not to gather possible evidence for use during a trial but solely to serve as a catalyst for further investigation.

■ Appellant also contends that the polygraph condition violates his privilege against self-incrimination. Appellant misconstrues the nature of the privilege. The privilege against self-incrimination is not self-executing; it must be claimed. *Minnesota v. Murphy,* 465 U.S. 420, 427–28, 104 S.Ct. 1136, 1142–43, 79 L.Ed.2d 409 (1984). Although the Appellant has a duty to answer the polygraph examiner's questions truthfully, unless he invokes the privilege, shows a realistic threat of self-incrimination and nevertheless is required to answer, no violation of his right against self-incrimination is suffered. *Id.* The mere requirement of taking the test in itself is insufficient to constitute an infringement of the privilege. *See Miller,* 208 Cal.App.3d at 1315, 256 Cal.Rptr. at 590.

■ Related to this constitutional argument is Appellant's contention concerning whether he is entitled to *Miranda* warnings before the polygraph examination. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, *Miranda* warnings are not necessary prior to the administration of a polygraph examination under the circumstances of this case. *See Marcum,* 983 S.W.2d at 766; *see also Miller,* 208 Cal. App.3d at 1315–16, 256 Cal.Rptr. at 589. The polygraph condition is designed to help evaluate the truthfulness of Appellant's reports and the purpose and objectives of probation would be frustrated if a convicted defendant could maintain a right of silence at the time of his report to a probation officer. *See generally id.; Miller,* 208 Cal.App.3d at 1315–16, 256 Cal. Rptr. at 589. When subject to a polygraph examination as an investigative tool alone, a probationer is not placed in any worse position than he would otherwise be were there no polygraph condition. *See id.* In either case, the probation officer may fully investigate the probationer's compliance with conditions whether or not a polygraph is used.

The trial court did not abuse its discretion by amending Appellant's conditions of community supervision to include the polygraph examination requirement for the limited purpose as an investigative tool. Point overruled.

The judgment is affirmed.

WITTIG, Justice, concurring.

Our United States Constitution, the Fifth Amendment, plainly provides that no person "shall be compelled in any criminal case to be a witness against himself." This privilege extends to official questions beyond strictly criminal cases and applies to official questions in other proceedings, "civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."[1] Indeed, a defendant does not lose this privilege

---

**1.** *See Minnesota v. Murphy,* 465 U.S. 420, 426,     104 S.Ct. 1136, 79 L.Ed.2d 409 (1984).

solely by reason of a criminal conviction.[2] As the majority notes, generally the privilege must be claimed. Our relator does not present a situation in which he exercised his constitutional right against self-incrimination. Nor is there a showing that the complained of order, "attempt[s] to attach an impermissible penalty to the exercise of the privilege against self incrimination." [3] Our decision and its underpinnings should clearly dispel any notion that the state can constitutionally carry out any threat to "revoke probation for the legitimate exercise of the Fifth Amendment privilege." [4]

The courts and probation officers can compel attendance, questioning, and truthful responses, as the majority stated. The probationer has a duty to answer the polygraph examiner, "unless he invokes the privilege, [and] shows a realistic threat of self-incrimination." [5] So that we are clear, the Government's right to interrogate ends abruptly and precisely where the individual's privilege against self incrimination begins. The Government may impose no penalty for the exercise of this constitutional right.[6] Accordingly my concurrence.

**5.** *See People v. Miller,* 208 Cal.App.3d 1311, 256 Cal.Rptr. 587, 589 (1989).

**6.** *See generally Minnesota, supra.*