IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2189-01






HAROLD WAYNE BAILEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Keasler, J., filed this dissenting opinion.


DISSENTING OPINION 



 The Court concludes that Bailey's judgment was not complete until the March 12th
hearing and, therefore, that this case is not controlled by Basaldua v. State. (1) I disagree.

Facts


 The record includes a judgment which convicts Bailey of failure to stop and render
assistance and sentences him to five years in prison, probated for 10 years. The judgment is
signed by the judge and dated February 12, 2001. Attached to the judgment is a document
entitled "Conditions of Community Supervision," setting out 24 conditions. None of these
conditions provide for restitution. This document is also signed by the judge and dated
February 12, 2001.

 The next document in the record is entitled "Conditions of Community Supervision 1st
Amended." Condition 12 requires Bailey to make restitution. This document is signed by the
judge and dated March 12, 2001.

 The docket sheet indicates that on February 12, 2001, Bailey "pleaded guilty," that the
court "found the defendant guilty" and "assessed the punishment," and that imposition "of
sentence [was] suspended and [the] Defendant [was] placed on Probation for . . . 10 years." The
docket sheet reflects the case was "r/s," which presumably means "reset," for "3/12/01,
Restitution Hearing." The next entry is partially illegible due to a copying error. What is
legible reflects that on some date (presumably March 12, 2001), there was a hearing with
testimony and argument, and the court ordered Bailey to pay restitution. It also states that
Bailey, through his attorney, gave notice of appeal at that time.

 In Bailey's notice of appeal, he sought to appeal "the judgment and sentence in the above
cause, in addition to the Court's appealable orders concerning restitution and probationary
conditions."

Analysis


 In Basaldua, the defendant was placed on probation in July of 1975. In November, the
defendant filed a motion to modify the probation conditions which the trial court denied. The
defendant appealed that ruling. We held that no appeal was allowed from the trial court's
order. (2) We explained that we could find "neither constitutional nor statutory authority which
would confer jurisdiction on this court to hear an appeal from an order. . . altering or
modifying probationary conditions or an order, as in the instant case, refusing to alter or
modify such conditions." (3) We then proceeded to hear the defendant's complaint, at his
request, pursuant to our original habeas jurisdiction. (4)

 The facts of Basaldua are nearly identical to those in this case. The only distinguishing
factor is that in this case Bailey appeals the judge's order modifying his probation conditions,
while in Basaldua the defendant appealed the judge's ruling denying a motion to modify a
probation condition. Nevertheless, this distinction is meaningless because both appeals are
impermissible for the same reason, as we explained in Basaldua - there is no authority for
appealing either an order modifying probation conditions or an order refusing to do so.

 The majority finds Basaldua distinguishable because, according to the majority, the
instant case does not involve a modification of probation. Instead, the majority contends, in
this case the judgment was incomplete until the March 12th hearing. It bases this conclusion
on its belief that a judgment is incomplete until restitution is ordered. This holding raises
significant problems.

 First, the majority's authority for this conclusion is weak. It relies on Art. 42.037(e),
which states that "[t]he imposition of the [restitution] order may not unduly complicate or
prolong the sentencing process." The Court says that this statement "essentially" includes
restitution within sentencing and therefore "implies" that "restitution is imposed as part of the
original sentence, and that the sentence is not complete until restitution is imposed." (5) That is
quite a leap. Nothing in the text of the statute states that a judgment is "incomplete" until
restitution is ordered. Instead, the statute seems to acknowledge that as a general rule,
restitution will be part of the sentencing process. The statute does not foresee a case in which
the restitution order is not entered until a later date.

 The Court also relies on Art. 42.01, § 1(25), which says that the judgment "should"
reflect the amount of restitution. But saying that the judgment should reflect that amount does
not mean that this judgment did so. Regardless of the mandates of Art. 42.01, Bailey's
February 12th judgment did not contain restitution. Nothing in Art. 42.01 states that a judgment
is incomplete until restitution is ordered.

 Finally, the majority relies on Arguijo v. State. (6) Of course, Arguijo is distinguishable
because in that case, the judge failed to enter any conditions of probation at the time the
defendant was placed on probation. The court of appeals held that the judgment was not
complete until the later hearing when all the probation conditions were entered. (7) This case is
different because here, the trial court did impose conditions of probation - 24 of them -- at
the first hearing. The only thing the judge added at the later hearing was the restitution. This
was an amendment of the previously ordered probation conditions.

 The judge could have, and possibly even should have, waited until the March 12th hearing
to enter the judgment against Bailey, but she did not do so. Instead, she entered a judgment of
conviction on February 12th and set forth probation conditions. Later, she entered a "1st
Amended" list of probation conditions. The very fact that the judge titled the list "1st
Amended" demonstrates the parties' understanding that the judgment was complete on
February 12th but was amended on March 12th. If the judgment were incomplete on February
12th, there would have been nothing to "amend" on March 12th. And since the March 12th order
"amended" the previous judgment, this case falls directly under the ambit of Basaldua, which
prevents an appeal from such an order.

 Indeed, even Bailey himself recognized this in his notice of appeal. He specifically
sought to appeal the judgment "in addition to the court's appealable order[] concerning
restitution." If the judgment were incomplete until March 12th, there would be no need to
appeal both the restitution order and the judgment - an appeal of simply the judgment would
have been sufficient.

 Finally, under the Court's rationale, anytime a judgment omits one of the requirements
of Art. 42.01, it is incomplete. And since Art. 42.01, § 1 (10), requires the judgment to set
forth the conditions of probation, anytime a judge amends conditions of probation after
sentencing, the judgment will be entered anew at that time. So no judgment is ever really
complete, because we never know when a trial judge may amend the conditions of probation. 
This will wreak havoc on the law. 

 Perhaps most troubling about the Court's opinion is that it is so unnecessary. The Court
seems worried that Bailey will have no recourse if we do not allow his appeal, but this is just
not true. His remedy is to file an application for a writ of habeas corpus attacking the
probation condition. (8) The remedy is most certainly not to create a body of law unsupported
by statute or case law, as the majority has done in this case. 

 I dissent.


DATE FILED: March 24, 2004

PUBLISH

1. 558 S.W.2d 2 (Tex. Crim. App. 1977).
2. Id. at 5.
3. Ibid.
4. Id. at 5-7.
5. Ante, slip op. at 9.
6. 738 S.W.2d 367 (Tex. App. - Corpus Christi 1987, no pet.).
7. Id. at 369.
8. See Ex parte Alakayi, 102 S.W.3d 426 (Tex. App. - Houston [14th Dist.] 2003, no
pet.); Ex parte Renfro, 999 S.W.2d 557 (Tex. App. - Houston [14th Dist.] 1999, pet. ref'd).