Affirmed and Memorandum Opinion filed March 31, 2009








Affirmed and Memorandum Opinion filed March 31, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00900-CR

NO. 14-07-00901-CR

____________

 

DETRICK LEMOND JONES, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause Nos. 1035048
& 1035049

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Detrick Jones, appeals from his convictions for
aggravated sexual assault of a child.  In the sole issue presented on appeal,
appellant contends that, in assessing punishment, the trial court improperly
considered incriminating statements made during a mandatory polygraph
examination.  We affirm.








Background

On April 5, 2006, appellant pled guilty to two felony
offenses of aggravated sexual assault of a child.  The court placed appellant
on deferred adjudication for ten years.  One of the conditions of appellant=s deferred
adjudication required that he A[s]ubmit to any program of psychological
and physiological assessment at the direction of [his] Community Supervision
Officer, including the polygraph, to assist in treatment, planning and case
monitoring.@  On August 10, 2007, the State filed a motion to
adjudicate guilt, alleging appellant violated the terms and conditions of
community supervision by consuming alcohol on several occasions.  Appellant
entered a Anot true@ plea.  After a
hearing, the court found the alcohol consumption allegation to be true.  The
court assessed punishment at seven years= confinement for
each offense of aggravated sexual assault.

On appeal, appellant argues the trial court, in imposing
punishment, improperly considered polygraph admissions obtained in violation of
his Fifth Amendment privilege against self-incrimination.  Appellant now asks
that we reconsider one of our prior decisions which holds that the admission of
statements made during mandatory polygraph examinations does not violate the
privilege against self-incrimination.  See Berry v. State, No.
14-02-01240-CR, 2003 WL 22672395, at *2 (Tex. App.CHouston [14th
Dist.] Nov. 13, 2003, pet. ref=d) (mem. op., not designated for
publication).  Specifically, in response to polygraph examination questioning,
appellant admitted to having sexual contact with a child other than the
complainants prior to his conviction.  He claims he Ahad no lawful
choice but to answer as he did.@ 

Analysis 








Before turning to the merits of appellant=s appeal, we must
address the State=s contention that error has not been
preserved for our review.  Specifically, the State argues that appellant=s objection in the
trial court to the admission of polygraph evidence does not comport with the
arguments raised on appeal.  We agree with the State and hold appellant has
waived our review of the argument presented on appeal.  See Rothstein v.
State, 267 S.W.3d 366, 373 (Tex. App.CHouston [14th
Dist.] 2008, pet. ref=d). 

To preserve a complaint for appellate review, a party must
have presented to the trial court a timely request, objection, or motion
stating the specific grounds for the ruling desired.  Tex. R. App. P. 33.1(a). 
A defendant=s appellate contention must comport with the specific
objection made at trial.  Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002).  An objection stating one legal theory may not be used to
support a different legal theory on appeal.  Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995).  We will not consider errors, even of
constitutional magnitude, not called to the trial court=s attention.  See
id. 

At both the adjudication and punishment stages of the
hearing, the State offered a report into evidence written by the individual who
administered appellant=s polygraph examination.  Appellant=s trial counsel
did not object to the admission of this evidence.  At the adjudication stage,
she stated she had seen the report and had no objections.  The report included
appellant=s incriminating statements made during the polygraph
examination.

During the punishment stage, appellant=s probation
officer, Shawn Sylvester, testified appellant admitted there had been prior
undisclosed victims of his crimes.  Defense counsel objected to the
misstatement, arguing appellant admitted to only one prior victim.  Sylvester
corrected his answer and explained appellant confessed to only one prior
victim, but also admitted to continued inappropriate thoughts and fantasies
about minors.  He further stated the substance of his testimony was included in
the polygraph report.








At trial, appellant=s counsel objected
only to Sylvester=s misstatement.  She did not object to
Sylvester=s testimony as violating appellant=s privilege
against self-incrimination.  Instead, this argument was raised for the first
time in appellant=s brief.  Because appellant=s argument on
appeal does not comport with any objection raised in the trial court, appellant
has failed to preserve this issue for review.[1] 
See Tex. R. App. P. 33.1(a); Rothstein, 267 S.W.3d at 373B74. 

Conclusion

We hold that appellant waived his complaint that the trial
court erred in considering appellant=s incriminating
statements during the punishment proceedings.  The judgments of the trial court
are affirmed.

 

 

 

 

/s/      J.
Harvey Hudson

Senior
Justice

 

 

 

 

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*

 

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Even if appellant=s
objection could be interpreted as raising the issue now pursued on appeal,
appellant=s contention would fail on the merits.  See Berry,
2003 WL 22672395, at *2; Ex parte Renfro, 999 S.W.2d 557, 561 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d). 





*  Senior Justice J. Harvey Hudson sitting by
assignment.