Opinion filed April 15,
2010


 
 
 
 
 
 
 





                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                                  
__________

 

                                                        
No. 11-09-00032-CR 

                                                   
__________

 

                        
WILLIAM THOMAS LEONARD, Appellant

 

                                                            
V.

 

                                     
STATE OF TEXAS, Appellee



 

                                  
On Appeal from the 371st District Court

 

                                                         
Tarrant County, Texas

 

                                                 
Trial Court Cause No. 0908775D

 



 

                                                                 
O P I N I O N

 

William
Thomas Leonard received deferred adjudication for injury to a child – bodily
injury.  The trial court found that he violated a condition of his
community supervision, adjudicated his guilt, and sentenced him to seven years
confinement.  We reverse and remand.

I.  Background Facts

           
 Leonard pleaded guilty to injury to a child – bodily injury and was
sentenced to five years deferred adjudication and a $750 fine.  The
conditions of Leonard’s community supervision required him to submit to
evaluation for sex offenders and to attend and successfully complete
psychological counseling/treatment sessions for sex offenders.  Leonard
was also required to submit to polygraph exams and to show no deception on any
polygraph or other diagnostic test or evaluation.

           
The State filed a petition to proceed to adjudication, alleging that Leonard
had been unsuccessfully discharged from sex offender treatment, failed to make
satisfactory progress in the timely completion of his treatment, failed to pass
polygraph examinations, failed to pay a supervision fee, and failed to pay his
fine.  The State waived the failed polygraph exams, unpaid supervision
fee, and unpaid fine allegations at the revocation hearing.  Leonard
pleaded not true to being unsuccessfully discharged and to not making
satisfactory progress in his treatment. 

           
The State called psychotherapist George Michael Strain as a witness.
 Leonard was referred to him for therapy.  Strain testified that he
discharged Leonard from treatment for failing five polygraphs.  Strain
testified that he used polygraph examinations as part of sex offender treatment
and that he and other experts in his field reasonably relied upon them. 
Leonard presented no evidence.  The trial court found the State’s
allegation that Leonard had been unsuccessfully discharged from sex offender
treatment true but found the failure to make satisfactory progress allegation
not true. The trial court found Leonard guilty of injury to a child-bodily
injury, revoked his community supervision, and sentenced him to seven years
confinement.

II. 
Issues

 Leonard
challenges his adjudication with five issues, all of which contend that the
trial court erred by considering and acting upon his polygraph test results.

III.  Discussion

A.    Standard
of Review. 

We
review an order revoking community supervision for an abuse of
discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim.
App. 2006).  The State has the burden of showing by a preponderance of the
evidence that the defendant committed a violation of the conditions of
community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993).  If the State fails to meet its burden of proof, the
trial court abuses its discretion by revoking community supervision. Cardona
v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).  The trial
court is the sole judge of the credibility of the witnesses and the weight to
be given to their testimony, and the evidence is reviewed in the light most
favorable to the trial court’s ruling.  Id. at 493.  Proof of
one violation of the conditions of community supervision is sufficient to
support a revocation order.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 2009).

B.    
Polygraph Exams.

This
case presents an interesting paradox: courts routinely require sex offenders on
community supervision to take and pass polygraph exams – even though their mere
existence, let alone results, is inadmissible.  The propriety of that
practice is not at issue here.  If the trial court can order a polygraph
but is prohibited from hearing any polygraph evidence, how does it monitor
compliance and is there any consequence to lying during an exam?

Polygraph
examinations are regularly imposed as a condition of community supervision for
sex offenders.[1]  One court has held that this is
a reasonable condition,[2] and Leonard concedes that it was
appropriate in his case.  But Texas law is clear that the existence and
results of a polygraph examination are inadmissible for all purposes.[3]
The ban on polygraph evidence is comprehensive.  It applies “[e]ven if the
State and the defendant agree and stipulate to use the results of a polygraph
at trial.”[4]  And it applies to revocation
proceedings.[5] 

The
State acknowledges that polygraphs are generally inadmissible but argues that
Leonard’s test results were admissible under Tex.
R. Evid. 703 because Strain was an expert and because he testified that
experts in his field reasonably rely upon polygraph exams when treating sex
offenders.  The State assumes that heretofore polygraph test results have
been excluded because there was insufficient evidence of reliability in each
case.  But in fact, polygraph test results are inadmissible because the
Court of Criminal Appeals has determined that, as a matter of law, they are
unreliable.[6]  Consequently, the trial court
did not have the discretion to consider Leonard’s test results under Rule 703.

The
State also argues that, because a polygraph exam can be a condition of
community supervision, it is only logical to require a defendant to show no
deception during a test and that, otherwise, polygraph exams will lose much of
their benefit.  The State cites us decisions from several other state and
federal courts that it contends support the use of polygraph tests when
determining whether to revoke community supervision.  Those decisions are
not binding upon this court.  Unless, and until, the Court of Criminal
Appeals lifts its ban on polygraph test results, trial courts lack the
discretion to revoke an individual’s community supervision for failing an exam.

Finally,
the State argues that Leonard was not revoked for failing a polygraph but that
he was revoked because Strain did not believe he was telling the truth and,
therefore, was putting other children at risk.  The failed exams were not
merely a tool Strain used as part of a larger diagnostic process. 
Leonard’s test results were the sole basis for his discharge.  Strain was
asked:

Q. 
Mr. Strain, why was Mr. Leonard discharged from treatment?

 

A. 
Because he failed five polygraphs.

 

Q.
And so you’re saying that was your reason for unsuccessfully discharging him
from treatment?

 

A. 
That’s correct.

 

           
. . . .

 

Q. 
Mr. Strain, to make sure on this, the – the – as you related to me yesterday,
the sole basis for your making the discharge was because of this – because of
the reasons that you previously stated to the prosecutor regarding polygraphs?

 

A. 
That’s correct.

 

. .
. .

 

Q. 
Okay.  With – and your – your basis for your testimony of saying that you
were concerned that he was not being completely honest with him rests entirely
on the failure of the polygraphs; is that correct?

 

A. 
Yes, it does.

 

Leonard’s
revocation was, essentially, trial by polygraph.

The
trial court abused its discretion by considering evidence of Leonard’s failed
polygraph exams when determining whether to revoke his community
supervision.  When that evidence is excluded, the trial court abused its
discretion by revoking Leonard’s community supervision.  Leonard’s first,
second, and third issues are sustained.  This holding makes it unnecessary
to address his fourth or fifth issues.

We
do not hold that polygraph exams cannot be imposed as a condition of community
supervision or used as part of a sex-offender treatment program.  Even
though the test results are inadmissible, polygraph exams allow treatment
providers to monitor compliance, and they can serve as a catalyst for further
investigation.[7]  Nor do we hold that the failure
to take a test is inadmissible or that trial courts lack the discretion to
revoke community supervision for failing or refusing to take a court-ordered
polygraph.

IV.
Conclusion

The judgment adjudicating Leonard’s guilt is reversed, and the cause
is remanded to the trial court.

 

           


           
                                                           
            RICK STRANGE

                                                                                   
JUSTICE

 

April 15, 2010

Publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.














[1]The following cases note that taking a polygraph exam
was a term or condition of community supervision:  Oveal v. State,
No. 14-09-00124-CR, 2010 WL 547065 (Tex. App.—Houston [14th Dist.] Feb. 18,
2010, no pet. h.) (mem. op., not designated for publication); Whitton v.
State, No. 14-08-00611-CR, 2010 WL 307911 (Tex. App.—Houston [14th Dist.]
Jan. 28, 2010, no pet.) (mem. op., not designated for publication); Henry v.
State, No. 01-09-00145-CR, 2009 WL 3491051 (Tex. App.—Houston [1st Dist.]
Oct. 29, 2009, no pet.) (mem. op., not designated for publication); Stracener
v. State, 06-08-00045-CR, 2009 WL 3364979 (Tex. App.—Texarkana Oct. 21,
2009, no pet.) (mem. op., not designated for publication); Wood v. State,
No. 03-08-00464-CR, 2009 WL 1364352 (Tex. App.—Austin May 14, 2009, no pet.)
(mem. op., not designated for publication); Jones v. State, Nos.
14-07-00900-CR & 14-07-00901-CR, 2009 WL 839660 (Tex. App.—Houston [14th
Dist.] Mar. 31, 2009, no pet.) (mem. op., not designated for publication); Few
v. State, No. 01-01-00678-CR, 2002 WL 1869600 (Tex. App.—Houston [1st
Dist.] Aug. 15, 2002, no pet.); Brisco v. State, No. 01-00-00762-CR,
2002 WL 595075 (Tex. App.—Houston [1st Dist.] April 18, 2002, pet. ref’d) (op.
on rehearing, not designated for publication).

 





[2]See Ex parte Renfro, 999 S.W.2d 557, 560 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).

 





[3]Tennard v. State,
802 S.W.2d 678, 683 (Tex. Crim. App. 1990).

 





[4]Nethery v. State,
692 S.W.2d 686, 700 (Tex. Crim. App. 1985).

 





[5]See Nesbit v. State, 227 S.W.3d 64, 66 n.4 (Tex. Crim. App. 2007) (noting the prohibition on
polygraph evidence while discussing the evidence (including a failed polygraph
exam) that was offered during a revocation proceeding).





[6]Romero v. State,
493 S.W.2d 206, 210-11 (Tex. Crim. App. 1973).





[7]See Renfro,
999 S.W.2d at 560-61.